IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kaitlyn Grace Lee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:23-cv-1649-BHH |
| v. ) | |
| ) | **ORDER** |
| Perfect Delivery North America ) | |
| *doing business as* Papa John's, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Kaitlyn Grace Lee's ("Plaintiff") complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, as well several state law claims. On May 18, 2023, Defendant filed a motion to dismiss. (ECF No. 12.) In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary consideration.

On October 25, 2023, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion to dismiss with respect to Plaintiff's Title VII claim and her South Carolina Human Affairs Law Claim and that the Court remand the matter to state court for consideration of Plaintiff's remaining claims. (ECF No. 17.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff's Title VII claim and her South Carolina Human Affairs Law claim are subject to dismissal, and that Plaintiff's remaining claims should be remanded to state court. Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 17) and grants Defendant's motion to dismiss (ECF No. 12) with respect to Plaintiff's Title VII claim and her South Carolina Human Affairs claim. The Court remands the remainder of the action to state court for consideration of Plaintiff's other claims.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 13, 2023
Charleston, South Carolina